STEVEN R. MATHER (CBN 109566)
MATHER | ANDERSON
1801 Century Park East, Suite 1460
Los Angeles, CA 90067
Tel. No. 310.278.6088
FAX 310.278.4805
Email: smather@matheranderson.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DENNIS BROWN, | NO. |
| Plaintiff, | |
| v. | COMPLAINT |
| UNITED STATES OF AMERICA, | JURY DEMAND |
| Defendant. | |

Plaintiff, DENNIS BROWN, by his undersigned counsel, hereby brings this action against Defendant, United States of America.

## PARTIES

1. Plaintiff is an individual with a place of residence of 8129 Willow Glen Road, Los Angeles, CA 90046.

2. The United States of America is named as a party pursuant to §7422 of the Internal Revenue Code of 1986, as amended ("I.R.C."). The actions complained of herein were taken by defendant through its agency, the Internal Revenue Service ("IRS").

## JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1346(a)(1) and I.R.C. §7422.

Complaint                                   1

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. §1396.

## BACKGROUND

5. Sky King, Inc. ("Corporation") was in the air charter business. Plaintiff was an unpaid corporate secretary and director for portions of 2011 through 2013.

6. Beginning in September 2011, Corporation was operated out of Florida by President Frank Visconti ("Visconti"). Information was assembled by Corporation's accounting staff and submitted to Visconti. Visconti decided which bills to pay and which not to pay.

7. Corporation had filed for bankruptcy prior to 2011. Corporation emerged from bankruptcy and attempted to restore its operations.

8. Corporation failed and a second bankruptcy case was filed in August 2012. In the bankruptcy schedules filed in this August 2012 bankruptcy, Corporation listed only unpaid taxes existing before the first bankruptcy.

9. Plaintiff was entirely unaware of any unpaid employment taxes for any period in 2011 until Taxpayer was contacted by the IRS in 2015.

10. Under Visconti's control, Corporation again failed to pay employment taxes. Visconti directed payment of other bills but not employment taxes.

11. Corporation filed a third bankruptcy in January 2014. The bankruptcy trustee seized all of Corporation's funds and paid obligations other than the employment taxes.

12. The bankruptcy trustee assumed control of all Corporation's funds by the end of January 2014. Plaintiff had no involvement with Corporation after the bankruptcy filing in January 2014.

///

///

## LIABILITY AT ISSUE

13. On or about October 28, 2016, the IRS assessed Plaintiff with the "trust fund recovery penalty" (I.R.C. §6672) for quarters ending September 30, 2011, December 31, 2011, December 31, 2013 and March 31, 2014 (the "periods in issue").

14. Plaintiff paid an amount greater than the penalty attributable to one employee for each period in issue.

15. On October 24, 2018, Plaintiff filed IRS Form 843 claiming a refund for all payments made for each period in issue.

16. The IRS denied all four claims for refund by letter dated December 3, 2019.

17. Section 6672(a) of the I.R.C. provides that:

> "Any person required to collect, truthfully account for, and pay over [payroll] tax, who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any such manner to evade or defeat any such tax or payment thereof, shall be liable to a penalty equal to the total amount of the tax evaded but not collected, or not accounted for and paid over."

18. The term "person" as used above, "includes an officer or employee of a Company...who as such officer, employee...is under a duty to perform the act in respect of which the violation occurs." I.R.C. §6671(b).

19. For a person to be held liable for failure to pay over withheld payroll taxes, the person must have been responsible for seeing to it that such taxes were paid by the employer <u>and</u> must have been willful in not paying those taxes over to the IRS.

20. A 'responsible person" is an individual who has the final word as to what bills should or should not be paid, and when.

21. Plaintiff was not a responsible person with respect to Corporation's trust fund taxes. Plaintiff did not have any control over the decisions related to Corporation's bills.

22. Willfulness has been defined as the voluntary, conscious, and intentional act of preferring other creditors over the United States.

23. More particularly, a responsible person is not liable for the trust fund recovery penalty until that person knows of the unpaid trust fund taxes. A person cannot be willful unless the person knows that trust fund taxes are due and directs payment of other obligations.

24. With respect to the quarters ending September 30, 2011 and December 31, 2011, Plaintiff was entirely unaware Corporation had any unpaid employment tax balance until Plaintiff was contacted by the IRS in 2015. None of Corporation's financial reports provided to Plaintiff showed any unpaid balance.

25. When adequate provision has been made to pay trust fund taxes and payment does not occur due to reasons beyond a taxpayer's knowledge or control the taxpayer is not willful and cannot be held liable for a trust fund recovery penalty.

26. Plaintiff reasonably believed funds were allocated to pay all taxes. When Plaintiff terminated contact with Corporation, Plaintiff was informed and believed a fund existed and was dedicated to pay trust fund taxes.

27. After Corporation filed a bankruptcy proceeding, the allocated fund was redirected and lost through the bankruptcy proceeding. Plaintiff had no knowledge or control over these funds being usurped.

28. With respect to the quarter ending March 31, 2014, Plaintiff is informed and believes there was only one payroll during this period and the full deposit for that payroll was made timely.

## DEMAND FOR REFUND

29. Based on the foregoing, no trust fund recovery penalty is lawfully due for the periods in issue. Plaintiff therefore demands a refund of all amounts paid (plus statutory interest) and demands a determination that no further trust fund penalty amounts can be collected from Plaintiff for the periods in issue.

Dated: November 23, 2020

Respectfully submitted,

STEVEN R. MATHER
Mather | Anderson
1801 Century Park East, Suite 1460
Los Angeles, CA 90067
Telephone: 310.278.6088
Fax            310.278.4805
Email:        smather@matheranderson.com
ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this case.

STEVEN R. MATHER
Mather | Anderson
1801 Century Park East, Suite 1460
Los Angeles, CA 90067
Telephone: 310.278.6088
Fax            310.278.4805
Email:        smather@matheranderson.com
ATTORNEYS FOR PLAINTIFF